## PALMER JORDAN v. THE STATE.

No. 1674. Decided February 1, 1899.

**1. Counts—Applying Plea of Guilty to.**

Where an information contained two counts, one for violation of local option and one for selling liquor without license, and the defendant pleaded guilty before the court without a jury, whereupon judgment was rendered in general terms, without stating the offense of which he was convicted, Held, inasmuch as the amount of the fine imposed showed that the court applied the plea of guilty to the first count, and could not have applied it to the second count, the judgment is sustained and affirmed.

**2. Same—Judgment.**

See a judgment as to which the court applies, as a safe rule, the maxim, "Id certum est, quod certum reddi potest."

APPEAL from the County Court of Ellis. Tried below before Hon. J. C. SMITH, County Judge.

Appeal from a conviction for a violation of local option; penalty, a fine of $25, and twenty days imprisonment in the county jail.

The opinion states the case.

No briefs for either party have come to the hands of the Reporter.

*Robt. A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—There is no statement of facts or bill of exceptions in this record. The only question presented is one of the finding of the court. The information is in two counts: one charging a violation of the local option law in a certain described precinct, and the other charging that appellant pursued the occupation of selling spirituous liquors, etc., in quantities of one gallon, and less than one gallon, without first obtaining a license therefor. The cause appears to have gone to trial on both counts, and appellant pleaded guilty before the court. The court rendered a judgment against him in general

terms under article 845, Code of Criminal Procedure. Said judgment did not state or define the offense of which appellant was adjudged guilty. An examination of the amount of the fine as contained in the judgment is such as is only applicable to the first count in the information, which was for a violation of the local option law. The judgment authorized by law under the last count would have been a fine of not less than the amount of the tax, which in this case was $450. Appellant's punishment having been assessed at a fine of $25 and twenty days confinement in the county jail, it is evident that the court intended to apply appellant's plea of guilty to the first count of the indictment. We think the maxim, "Id certum est, quod certum reddi potest," is a safe rule to apply in this case: that is, that the judgment ascertaining the punishment is an application of the appellant's plea of guilty to the first count in the information, as the punishment assessed can only be applied to that count. The judgment is affirmed.

*Affirmed.*